**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-20748**
**Summary Calendar**

_____

**TAMUNOOMIE JOHN TAMUNO,**

**Plaintiff-Appellant,**

**versus**

**KFC USA INC, doing business as Delaware KFC USA Inc.;**
**KFC NATIONAL MANAGEMENT COMPANY,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**USDC No. H-97-CV-1686**

_____

**March 11, 1999**

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tamunoomie John Tamuno challenges the summary judgment in favor of KFC on Tamuno's claims of employment discrimination. We **AFFIRM.**

I.

Tamuno, who is black, was hired by KFC as a cook at one of its Kentucky Fried Chicken restaurants in 1984. By 1991, Tamuno had been promoted to restaurant general manager (RGM). His direct

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

supervisor was a "market coach"; his ultimate supervisor, the director of operations (DOR). Davine Ford, a white female, was Tamuno's market coach from early 1996 to early 1997; Carolyn Miller, a black female, was his market coach from early 1997 until his termination that October; and Jay McGuire, a white male, was Tamuno's DOR.

In September 1996, Ford transferred Tamuno from the KFC store on West Holcombe (KFC-Holcombe) to the KFC on South Shepherd (KFC-Shepherd). Although Tamuno remained an RGM and continued at the same salary, he claims that the transfer was, in fact, a demotion because the KFC-Shepherd store did a lower volume of business, which would affect his volume-based bonus. Ricardo Garza replaced Tamuno as the RGM of KFC-Holcombe.

Shortly after his transfer, Tamuno was suspended for transferring Tonya Dangerfield, a newly hired employee at KFC-Holcombe, to KFC-Shepherd. Although Tamuno maintains that Dangerfield requested the transfer, Dangerfield denied making such a request. KFC suspended Tamuno, with pay, on 18 October 1996, pending an investigation. Three days later, on 21 October, Tamuno filed a complaint with the Equal Employment Opportunity Commission (EEOC), claiming racial discrimination.

Tamuno claims that his suspension was originally for two days, but that it was extended for two weeks on 23 October. (KFC claims that the suspension was indefinite.) After Tamuno returned to

work, he was placed on 90 days probation. On 14 January 1997, Tamuno amended his EEOC complaint to claim that KFC retaliated against him for filing the EEOC complaint by extending his suspension and placing him on probation.

During the probationary period, Tamuno received citations for allowing a shift supervisor to close the KFC-Shepherd location, for allowing a child in the stores after hours, and for allowing a minor to make coleslaw. His quality, performance, and cleanliness ratings were poor; and in October 1997, he was terminated.

In his complaint, Tamuno claimed disparate treatment, retaliation, and hostile work environment in violation of Title VII, 42 U.S.C. § 2000e, *et seq*, and 42 U.S.C. § 1981a. KFC's summary judgment motion was granted.

## II.

Of course, we review appeals from summary judgment *de novo*, *e.g.*, **Burns v. Harris County Bail Bond Board**, 139 F.3d 513, 517 (5th Cir. 1998). In so doing, we apply the same standard as did the district court. *See* FED. R. CIV. P. 56.

On appeal, Tamuno challenges only the retaliatory discharge ruling. Thus, his other claims are deemed abandoned. FED. R. APP. P. 28(a)(4); **McCrary v. Poythress**, 638 F.2d 1308, 1310 n.2 (5th Cir. 1981).

To establish a retaliation claim, the plaintiff must prove: "(1) the employee engaged in activity protected by Title VII; (2)

the employer took adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action". *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 705 (5th Cir.), *cert. denied*, 118 S. Ct. 336 (1997).

The district court found that Tamuno established a *prima facie* retaliation claim with regard to his termination and that KFC advanced a legitimate non-discriminatory reason for it — that Tamuno's performance was substandard. The court then found that Tamuno failed to present sufficient evidence to support Tamuno's claim of pretext.

Tamuno's retaliation discharge claim likewise fails on appeal. Tamuno claims that members of KFC management conspired to have him fired because he was black and filed an EEOC claim; wrote him up for violations which were routinely ignored when committed by other RGMs; and encouraged its employees to fabricate policy violations. However, as in district court, the only evidence Tamuno points to is his affidavit and deposition; hearsay statements (sometimes two and three times removed) that KFC managers sought to discriminate against blacks; and evidence that other black managers have filed discrimination claims against KFC.

Needless to say, mere allegations will not withstand a motion for summary judgment. *E.g., Alizadeh v. Safeway Stores, Inc.*, 802 F.2d 111, 113 (5th Cir. 1986). Other than his affidavit and deposition, Tamuno points to no other admissible evidence that

creates a material fact issue regarding the reason for his termination. *See **Little v. Republic Refining Co., Ltd.***, 924 F.2d 93, 96 (5th Cir. 1991)(subjective belief that employer had discriminatory motive is insufficient; court is "not prepared to hold that a subjective belief of discrimination, however genuine, can be the basis of judicial relief")(quoting ***Elliot v. Group Medical & Surgical Servs.***, 714 F.2d 556, 567 (5th Cir. 1983)).

Therefore, Tamuno has failed, for summary judgment purposes, to overcome the legitimate nondiscriminatory reason advanced by KFC for his termination. *See, e.g., **Long v. Eastfield College***, 88 F.3d 300, 308 (5th Cir. 1996)("To defeat a motion for summary judgment ..., a Title VII plaintiff ... must show that there is a conflict in substantial evidence on the ultimate issue. Evidence is substantial if it is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions")(internal quotations and citations omitted).

III.

For the above reasons, the summary judgment is

***AFFIRMED.***